# In The United States Bankruptcy Court
## Northern District of Ohio

In re:                                    )    Case No. 10-51511

Chad Michael Ellinger                     )    Chapter 7
                                               Judge Marilyn Shea-Stonum
     Debtor.                              )

                                          )

## REAFFIRMATION AGREEMENT COVER SHEET

    This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's name: Robert M. Whittington, Jr.

2. Amount of the debt subject to this reaffirmation agreement:

    $ _____456_____ on the date of bankruptcy   $_____450_____ to be paid under reaffirmation agreement

3. Annual percentage rate of interest -0-% prior to bankruptcy
-0-% under reaffirmation agreement (_____ Fixed Rate _____Adjustable Rate) *Not applicable*.

4. Repayment terms (if fixed rate ) $_____ per (month)(biweekly)(weekly) for _____
(months)(biweekly intervals)(weeks).

5. Collateral, if any, securing the debt: Current market value: *Not applicable*.

6. Does the creditor assert that the debt is nondischargeable _____ Yes  X No.
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries                Debtor's Income and Expenses
                                                 As Stated on Reaffirmation Agreement

7A. Total monthly income from                    7B.  Monthly income from all
Schedule I, line 16..........................$ 1083.34    sources after payroll deductions...$ 1083.34

8A. Total monthly expenses from                  8B.  Monthly expenses.................$ 1011.00

Schedule J, line 18...........................$ _10|l.0_

| | |
|---|---|
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J.......................................$ _-0-_ | 9B.Total monthly payments on Reaffirmed debts not included in monthly expenses........................ $ _-0-_ |

10B. Net monthly income.............. $ _72.34_
(Subtract sum of line 8B and 9B from
line 7B. If the total is less than zero, put
the number in brackets)

11. Explain with specificity any difference between the income amounts (7A and 7B):

12. Explain with specificity any difference between the expense amounts (8A and 8B):

If line 11 or 12 is completed, the undersigned debtor and joint debtor, if applicable, certifies that any explanation contained on those lines is true and correct.

_____
Signature of Debtor (only required if
line 11 or 12 is completed)

_____
Signature of Joint Debtor (if applicable, and
only required if line 11 or 12 is completed)

Other information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make monthly payments on the reaffirmed debt:

Was the debtor represented by counsel during the course of negotiating this reaffirmation agreement?
_____ Yes   _X_ No

If the debtor was represented by counsel during the course of negotiating this reaffirmation, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

_____ Yes   _X_ No

## FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

X _____
Signature, Debtor.

**B240 A(Form 240 A)(12/09)**

[✓] Presumption of Undue Hardship

[ ] No Presumption of Undue Hardship

*See Debtor's Statement in Support of Reaffirmation, Part II Below,*
*to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## Northern District of Ohio

In re

Chad Michael Ellinger

Case No.    10-51511
Chapter 7
Judge Marilyn Shea-Stonum

### REAFFIRMATION DOCUMENTS:

**Name of Creditor:** Robert M. Whittington, Jr.

☐ Check this box if Creditor is a Credit Union

### I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions and definitions found in Part V of this Reaffirmation Documents packet.**

1. Brief description of the original agreement being reaffirmed: Installment agreement for payment of attorneys fees for representation in this bankruptcy case.

2. ***AMOUNT REAFFIRMED:*** $___450_____

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest and fees and costs (if any) arising on or before the date you signed this Reaffirmation agreement.

*See the definition of "Amount Reaffirmed" in Part V.C below.*

3. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is -0-%.
*See definition of "Annual Percentage Rate" in Part V.C below.*

This is a *(check one)* ☐ Fixed rate      ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

4. Reaffirmation Agreement Repayment Terms:

[X] If fixed term $_____*100*_____ per (week)(biweekly)(monthly) for
___*4.5*___ (weeks)(fortnights)(months) starting on ___*4/5/10*___.

☐ If not fixed term, describe repayment terms:

_____.

5. Describe the collateral, if any, securing the debt : *Not applicable*.

6. Did the debt that is being reaffirmed arise from the purchase of the collateral described above? *Not applicable*.

7. Detail the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement: *Not applicable*.

8. ☐ Check this box if the creditor is agreeing to prove you with additional future credit in connection with this reaffirmation agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: *Not applicable*.

## II. DEBTOR'S STATEMENT IN SUPPORT
## OF REAFFIRMATION AGREEMENT

1. Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☐ Yes      [X] No

2. Is the creditor a credit union?

Check one. ☐ Yes      [X] No

3. If your answer to EITHER question 1. or 2. Above is "No" complete a. and b. below.

a. My present monthly income and expenses are:

i. Monthly income from all sources after payroll deductions

(take-home pay plus any other income)................................ $ _1083.34_

ii. Monthly expenses (including all reaffirmed debts except this one)............................................................................$ _1011.00_

iii. Amount available to pay this reaffirmed debt (subtract ii. from i.)

.................................................................................... $ _72.34_

iv. Amount of monthly payment required for this reaffirmed debt ................................................................................. $ _100.00_

*If the monthly payment on this reaffirmed debt (line iv.) **is greater than** the amount you have available to pay this reaffirmed debt (line iii), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    b. I believe that this reaffirmation agreement will not impose an undue hardship on my dependents or me because:

    Check one of the two statements below, if applicable:

    ☐ I can afford to make the payments on the reaffirmed debt because my monthly income is greater than my monthly expenses even after I include in my expenses the monthly payments on all debt I am reaffirming, including this one.

    ☑ I can afford to make the monthly payments on the reaffirmed debt even though my income is less than my monthly expenses after I include in my expenses the monthly payments on all debts I am reaffirming because:

_I will become employed full time as of this week and am anticipating slightly better paychecks_

    Use an additional page if needed for a full explanation.

4. If your answers to BOTH questions 1. and 2. above were "Yes," check the following statement, if applicable:

    ☐ I believe this reaffirmation agreement is in my financial interest and I can afford to make the payments on the reaffirmed debt.

    *Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I (We) hereby certify that:

i. I (We) agree to reaffirm the debt described above.

ii. Before signing this reaffirmation agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below.

iii. The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

iv. I am (We are) entering into this agreement voluntarily and fully informed of my (our) rights and responsibilities; and

v. I (We) have received a copy of this completed and signed Reaffirmation Documents packet.

SIGNATURE(S):

Date ___3/30/10___          Signature X _____
                                     *Debtor*

Date _____            Signature _____
                                     *Joint Debtor, if any*

If a joint reaffirmation agreement, both debtors must sign.

**Reaffirmation Agreement Terms Accepted by Creditor:**

Robert M. Whittington, Jr.              159 S. Main St., #1023, Akron, OH 44308

                                        /s/ Robert M. Whittington, Jr.

Date ___3/30/10___

## IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependant of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and of any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date_____    Signature of Debtor's Attorney_____*intentionally left blank*_____
                   Print Name of Debtor's Attorney_____

## V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO THE DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement, (Part I) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, detailed in Part B below, are not completed, the reaffirmation agreement is not effective, even though you have signed it.

## A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change ther terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien**? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement**? If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this Reaffirmation Documents packet requiring signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5. **Can you cancel the agreement**? You may rescind (cancel) your reaffirmation

agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your reaffirmation agreement is filed with the Court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the Court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

a. **If you *were represented by an attorney* during the negotiation of your reaffirmation agreement**

i. **if the creditor is not a Credit Union**, your reaffirmation agremeent becomes effective upon filing with the court unless the reaffirmation agreement is presumed to be an undue hardship in which case the agreement becomes effective only after the court approved it;

ii. **if the creditor is a Credit Union**, your reaffirmation agreement becomes effective when it is filed with the court.

b. **If you *were not represented by an attorney* during the negotiation of y our reaffirmation agreement**, the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your reaffirmation agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement. If the judge decides that the reaffirmation agreement is in your best interest, the agreement will be approved and will become effective. However, if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your reaffirmation agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the reaffirmation agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take action.

## B. INSTRUCTIONS

1. Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II

above). Be sure that you can afford to make the payments you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

      3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

      4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

      5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement unless your reaffirmation agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

## C. DEFINITIONS

      1. "**Amount Reaffirmed**" means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The amount of debt includes any unpaid fees and costs arising on or before the date you sign this agreement that you are agreeing to pay. Your credit agreement may obligate you to pay additional amounts that arise after the date you sign this agreement. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this agreement.

      2. "**Annual Percentage Rate**" means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

      3. "Credit Union" means a financial institution as defined in 12 U.S.C. Sec. 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

B240B (form B240B)(12/09)

# In the United States Bankruptcy Court
## Northern District of Ohio

In re:                                          )        Case No. ___10-51511___

Chad Michael Ellinger                           )        Chapter 7
                                                         Judge Marilyn Shea-Stonum
        Debtor(s)                               )

                                                )

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe that this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

[X] 11 U.S.C. Sec. 524(c)(6) (debtor is not represented by an attorney during the course of negotiation of the reaffirmation agreement).

☐ 11 U.S.C. Sec. 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)

Signed:

X _____

*(Debtor)*

_____

*(Joint Debtor, if any)*

Date: 3/30/10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent by electronic ECF notification to the U.S. Trustee on this __1st__ day of April_____, 20_10_ and by ordinary U.S. Mail, postage prepaid, to the debtor(s) at:

```
Chad M. Ellinger
2545 Sandy Ln.
Copley, OH 44321
```

/s/ Robert M. Whittington, Jr.